# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 18-1430V
UNPUBLISHED

|  |  |
|---|---|
| TATIANA DAUTKHANOVA and RUSLAN DAUTKHANOV, on behalf of E.D., a Minor Child,<br><br>       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>       Respondent. | Chief Special Master Corcoran<br><br>Filed: February 5, 2020<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Vasovagal Syncope |

*Danielle Strait*, Maglio Christopher & Toale, PA, Seattle, WA, for petitioners.

*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION AWARDING DAMAGES[1]

On September 19, 2018, Tatiana Dautkhanova and Ruslan Dautkhanov, on behalf of E.D., filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioners allege that E.D. suffered a vasovagal syncope and dental fractures caused by an influenza ("flu") vaccination administered on December 9, 2017. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 10, 2019, a ruling on entitlement was issued, finding Petitioners entitled to compensation for a vasovagal syncope and dental fractures. On January 28, 2020, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioners

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

should be awarded $91,000.00 (which amount represents $21,000.00 for future medical expenses, reduced to net present value) as court-appointed guardian(s)/conservator(s) of E.D., for the benefit of E.D., and $1,990.16 for past unreimbursable expenses. Proffer at 2.  In the Proffer, Respondent represented that Petitioners agree with the proffered award.  *Id.*  Based on the record as a whole, I find that Petitioners are entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award:**

A. A lump sum payment of $91,000.00 in the form of a check payable to petitioners as court-appointed guardian(s)/ conservator(s) of E.D., for the benefit of E.D. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of E.D.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of E.D., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of E.D. upon submission of written documentation of such appointment to the Secretary.

B. A lump sum payment of $1,990.16, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners.

This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| TATIANA DAUTKHANOVA and RUSLAN DAUTKHANOV, on behalf of E.D., a minor child, )<br>)<br>)<br>)<br>    Petitioners, )<br>)<br>v. )<br>)<br>SECRETARY OF HEALTH AND )<br>HUMAN SERVICES, )<br>)<br>    Respondent. )<br>) | No. 18-1430V<br>Chief Special Master Corcoran |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

**I.   Compensation for Vaccine-Related Items:**

On April 8, 2019, respondent conceded that entitlement to compensation was appropriate under the terms of the Vaccine Act. On April 10, 2019, the Court issued a Ruling on Entitlement, finding that petitioner was entitled to vaccine compensation for a Table injury of vasovagal syncope as a result of a flu vaccination. Respondent proffers that, based on the evidence of record, petitioners should be awarded a lump sum of $91,000.00 to petitioners as legal representatives of E.D. (which amount represents $21,000.00 in for future medical expenses[1] and $70,000.00 for actual and projected pain and suffering); and $1,990.16 for past unreimbursable expenses.[2]

These amounts represent all elements of compensation to which petitioners would be entitled under 42 U.S.C. § 300aa-15(a). Petitioners agree.

---

[1] This amount, for E.D.'s future dental work, has been reduced to net present value.

[2] This amount reflects that any award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(f)(4)(A).

1

## II.     Form of the Award

The parties recommend that the compensation provided to petitioners should be made through two lump sum payments as described below, and request that the Chief Special Master's decision and the Court's judgment award the following:[3]

A. A lump sum payment of $91,000.00 in the form of a check payable to petitioners as court-appointed guardian(s)/ conservator(s) of E.D., for the benefit of E.D. No payments shall be made until petitioners provide respondent with documentation establishing that they have been appointed as the guardian(s)/conservator(s) of E.D.'s estate. If petitioners are not authorized by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of E.D., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of E.D. upon submission of written documentation of such appointment to the Secretary.

B. A lump sum payment of $1,990.16, representing compensation for past unreimbursable expenses, in the form of a check payable to petitioners.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Deputy Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Assistant Director
Torts Branch, Civil Division

---

[3] Should E.D. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses, and future pain and suffering.

2

***/S/ ALEXIS B. BABCOCK***
ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-7678

Dated: <u>January 28, 2020</u>