# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
### No. 18-1430V
(not to be published)

|  |  |
|---|---|
| TATIANA DAUTKHANOVA and RUSLAN DAUTKHANOV, on behalf of E.D., a Minor Child, <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Chief Special Master Corcoran <br><br> Filed: July 30, 2020 <br><br> Special Processing Unit (SPU); Attorney's Fees and Costs |

*Danielle Strait, Maglio Christopher & Toale, PA, Seattle, WA, for Petitioner.*

*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 19, 2018, Tatiana Dautkhanova and Ruslan Dautkhanov, on behalf of E.D., ("Petitioners") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioners allege that E.D. suffered a vasovagal syncope and dental fractures caused by an influenza vaccination administered on December 9, 2017. (Petition at 1). On February 5,

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

2020, a decision was issued awarding compensation to Petitioners based on the Respondent's proffer. (ECF No. 52).

Petitioners filed a motion for attorney's fees and costs, dated May 6, 2020, (ECF No. 58), requesting a total award of $33,260.20 (representing $32,363.60 in fees and $896.60 in costs). Pursuant to General Order #9, counsel for Petitioners warrant that Petitioners personally incurred costs in the amount of $6,437.00 in pursuit of their claim and $60.00 to be advanced for court costs required for maintaining the conservatorship. (*Id.* at 2). Respondent reacted to the motion on May 8, 2020, indicating that she is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case and defers to the Court's discretion to determine the amount to be awarded. (ECF No. 59). Petitioners filed a reply requesting that the Court award Petitioners all fees and costs requested in Petitioners Application. (ECF No. 60).

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. § 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **I award a total of $39,757.20 as follows:**

- A lump sum of $33,260.20, representing reimbursement for fees and costs, in the form of a check jointly payable to Petitioners and Petitioner's counsel;

- A lump sum of $6,437.00, representing reimbursement for Petitioners costs, in the form of a check payable to Petitioners and;

- A lump sum of $60.00, payable to Petitioner's for court filing fees for the maintenance of the conservatorship required and;

- Petitioner requests all checks be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.

In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[3]

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master